UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DAVID SIMMONS,<br><br>       Plaintiff,<br><br>vs.<br><br>STEPHEN B. WALLACE, *et al.*,<br><br>       Defendants. | 3:10-cv-00280 JWS<br><br>ORDER AND OPINION<br><br>[Re:   Motion at Docket 15] |

# I. MOTION PRESENTED

At docket 15, plaintiff David Simmons ("plaintiff" or "Mr. Simmons") moves to reinstate his complaint. The court construes the filing as a motion for reconsideration of the order at docket 13 dismissing his complaint.[1]

# II. BACKGROUND

Mr. Simmons, a self-represented state prisoner proceeding without prepayment of the filing fee, filed a civil rights complaint under 42 U.S.C. § 1983.[2] The court

---

[1] Plaintiff "respectfully requests reconsideration" of the order dismissing his complaint. *See* Doc. 15 at 2.

[2] Doc. 1.

screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).³ The court subsequently required Mr. Simmons to show that "he has filed this action within the limitations period, or that there are grounds for equitable tolling; otherwise, this case will be dismissed without further notice."⁴ Mr. Simmons argued, in response to that aspect of the order to show cause, that "where the statute of limitations or jurisdiction is asserted as an affirmative defense, it must be set forth by the defendants or such defenses are waived."⁵ In dismissing the complaint, the court noted that under the Prison Litigation Reform Act ("PLRA"), the court is obligated to dismiss *sua sponte* when a case such as this one fails to state a claim for relief.⁶ The court also noted that it had "allowed plaintiff the same opportunity to respond as he would have were the defendants to raise the issue in a motion to dismiss."⁷

### III. DISCUSSION

Mr. Simmons argues that the court's determination was erroneous.⁸ Specifically, Mr. Simmons argues that *Wyatt v. Terhune*⁹ precludes *sua sponte* dismissal of his

---

³Doc. 7.

⁴*Id.* at 12.

⁵Doc. 8 at 10 (citing Fed. R. Civ. P. 8(c)).

⁶Doc. 13 at 2. *See* 28 U.S.C. § 1915A(b).

⁷*Id.*

⁸Doc. 15 at 3. *See also Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995) (A "court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice.").

⁹315 F.3d 1108 (9th Cir. 2003).

-2-

complaint based on the statute of limitations.[10] Mr. Simmons is presumably relying on the statement in *Wyatt* that "it is well-settled that statutes of limitations are affirmative defenses, not pleading requirements."[11] *Wyatt* did not involve *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The issue–characterization of the administrative exhaustion requirement under 42 U.S.C. § 1997e(a)–was raised because "[t]he [district] court did not make clear . . . under what provision of the federal rules it was ordering dismissal, or explain its reason for finding nonexhaustion"[12] after defendants raised non-exhaustion in a Rule 12(b)(1) motion to dismiss.[13]

The court recognizes that there is some tension between the notion that statutes of limitations are affirmative defenses and the longstanding principle that where it is apparent from the face of the complaint that the statute of limitations has run, dismissal for failure to state a claim is proper.[14] A court is not *per se* barred from considering affirmative defenses when screening a complaint for failure to state a claim pursuant to § 1915A.[15] If the complaint appears to fail to state a claim based on the statute of limitations, the screening court must ensure that the plaintiff has an opportunity to

---

[10] Doc. 15 at 4.

[11] *Wyatt*, 315 F.3d at 1117.

[12] *Id.*

[13] *Id.* at 1116.

[14] *See, e.g.*, *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

[15] *See, e.g.*, *Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1228–29 (9th Cir. 1999).

Case 3:10-cv-00280-JWS   Document 17   Filed 03/18/11   Page 3 of 5

present arguments that the statute of limitations either has not run, or that equitable tolling applies.[16]

Here, the court provided "plaintiff the same opportunity to respond as he would have had were the defendants to raise the issue in a motion to dismiss."[17] The court also explained permissible bases for equitable tolling and described the relevant three-part test.[18] As discussed in the order dismissing the complaint, Mr. Simmons did not take that opportunity.

In the present motion, Mr. Simmons does address the possibility of equitable tolling. Specifically, Mr. Simmons argues that *Heck v. Humphrey*[19] warrants equitable tolling of the limitations period in this instance. In that case, the statute of limitations "pose[d] no difficulty while . . . state challenges [were] being pursued [because] the § 1983 claim ha[d] not yet arisen."[20] As discussed in the order at docket 7, plaintiff's § 1983 claim arose no later than "the time his petition for hearing before the Alaska Supreme Court was denied in 2002."[21] Therefore, *Heck* has no bearing on the viability of plaintiff's § 1983 claim.

---

[16]*See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (dismissal on statute of limitations grounds disfavored where equitable tolling may apply). *See, e.g.*, *Givens v. City & County of San Francisco*, 269 Fed. Appx. 685 (9th Cir. 2008) (unpublished opinion); *Cooper v. Nielson*, 194 F.3d 1316 (9th Cir. 1999) (unpublished opinion).

[17]Doc. 13 at 2.

[18]Doc. 7 at 5–6 & nn.16, 17.

[19]512 U.S. 477 (1994).

[20]*Id.* at 489.

[21]Doc. 7 at 5.

-4-

Case 3:10-cv-00280-JWS   Document 17   Filed 03/18/11   Page 4 of 5

## IV. CONCLUSION

For the reasons above, plaintiff's motion at docket 15 for reconsideration of the order at docket 13 is **DENIED**.

DATED at Anchorage, Alaska, this 18th day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE